UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEROME CICHOCKI,

                Plaintiff,

     v.

UNITED STATES OF AMERICA,
DEPARTMENT OF VETERAN AFFAIRS,
DEPARTMENT OF VETERAN AFFAIRS
MEDICAL CENTER, JOSEPH LING, M.D.,
CRISTY KU, M.D., MICHAEL L. VILARDO,
M.D., BEAVER-VISITEC INTERNATIONAL,
INC., and JOHN DOES 1-5,

                Defendants.

**DECISION AND ORDER**

21-CV-1034S

## I.  INTRODUCTION

In this action, Plaintiff Jerome Cichocki seeks damages for injuries incurred during a surgery performed at the Department of Veteran Affairs Medical Center in Buffalo, New York.  He asserts, *inter alia*, medical-malpractice and lack-of-consent claims against the Department of Veteran Affairs ("VA"), the VA Medical Center, and VA doctors under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2679 (a), which the government now moves to dismiss on their behalf for lack of subject-matter jurisdiction.[1]  (Docket No. 28.)  For the reasons that follow, the government's motion will be granted.

## II.  BACKGROUND

This Court assumes the truth of the following factual allegations contained in Cichocki's complaint.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96

---

[1] Cichocki also brings claims against Defendant Beaver-Visitec International, a non-federal defendant that has filed an answer.  (Docket No. 32.)  Beaver-Visitec International is not involved in the present motion.

S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

On September 19, 2019, Cichocki underwent bi-lateral cataract surgery at the VA Medical Center. (Complaint, Docket No. 1, ¶ 15.)  Before the surgery, Cichocki met with Defendant Dr. Joseph Ling, who advised that he would perform the surgery but failed to inform Cichocki of the risks involved.  (Id., ¶ 16.) Dr. Ling, however, did not perform Cichocki's surgery and was not present during it.  (Id., ¶ 17.)  Instead, Defendant Dr. Cristy Ku, a medical fellow, performed the surgery under Defendant Dr. Michael L. Vilardo's supervision.  (Id., ¶¶ 17, 18.)

At some point during the surgery, a medical device manufactured by Defendant Beaver-Visitec International sent a high-pressure stream of water directly into Cichocki's right eye, tearing the lens and retina and causing blindness. (Id., ¶¶ 19, 20.) Post surgery, Cichocki sought follow-up treatment from other doctors and underwent further procedures on his right eye, but nothing fixed the damage or cured the blindness. (Id., ¶¶ 21-31.) Cichocki's right-eye condition continues to require medical care, and Cichocki anguishes over the possibility that his left eye may also require additional surgery.  (Id., ¶¶ 32, 33.)

## III.  DISCUSSION

### A.    Subject-Matter Jurisdiction

Rule 12 (b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for lack of subject-matter jurisdiction.  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167,

170 (2d Cir. 2008) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008)).

On a Rule 12 (b)(1) motion, the party invoking jurisdiction bears the burden of demonstrating that jurisdiction exists.  Levinson v. U.S. Fed. Bureau of Prisons, Metro. Corr. Ctr. – New York, No. 20-CV-7375 (VEC), 2022 WL 909795, at *4 (S.D.N.Y. Mar. 28, 2022) (citing McIntosh v. United States, No. 15-CV-2442 (KMK), 2018 WL 1275119, at *4 (S.D.N.Y. Mar. 7, 2018)).  All reasonable inferences, however, are drawn in favor of the party asserting jurisdiction.  Id.

**B.    Federal Tort Claims Act**

"[S]overeign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed.2d 308 (1994).  Unless the government waives its sovereign immunity, a court lacks subject-matter jurisdiction. Presidential Gardens Assocs. v. U.S. ex rel. Sec. of Hous. & Urban Dev., 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction.").  Accordingly, "[t]o establish that subject matter jurisdiction exists for a suit, Plaintiff must identify an applicable waiver of the Government's sovereign immunity; otherwise, the Court must dismiss the suit, pursuant to Rule 12 (b)(1)."  De Masi v. Schumer, 608 F. Supp. 2d 516, 524 (S.D.N.Y. 2009) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  "[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied."  Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (citing United States v. Nordic Vill., Inc., 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992)).

The United States has established a limited waiver of sovereign immunity in the FTCA for certain suits.  Levinson, 2022 WL 909795, at *5. Specifically, suits can be

3

brought only for:

> money damages . . . loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346 (b)(1).

When a suit falling within this limited waiver of sovereign immunity is brought, the only proper defendant is the United States.  Charles v. Potter, 07 Civ. 10572 (SHS), 2008 WL 4499130, at *2 (S.D.N.Y. Oct. 7, 2008) (noting that the United States is the "only proper federal defendant in an FTCA suit").  As such, FTCA claims asserted directly against federal employees for conduct taken within the scope of their employment cannot survive.  28 U.S.C. § 2679 (b); see also Rivera v. United States, 928 F.2d 592, 608-09 (2d Cir. 1991) (explaining that government employees are not proper defendants under the FTCA).  Rather, "[a] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA."  Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) (citing Rivera, 928 F.2d at 608–09 and 28 U.S.C. § 2679 (b)(1)).

The FTCA provides that

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679 (d)(1).

Here, the Attorney General, through a delegation of authority to the United States

4

Attorney for the Western District of New York, has certified that the defendant doctors were acting within the scope of their employment at the time of the incident in question. (Certification, Docket No. 28-2.)  Consequently, the individual defendants—Drs. Ling, Ku, and Vilardo—are immune from suit under the FTCA and must be dismissed for lack of subject-matter jurisdiction.

Likewise, "[a] federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope." Page v. Oath Inc., 17 Civ. 6990 (LGS), 2018 WL 1406622, at *3 (S.D.N.Y. Mar. 20, 2018) (citing 28 U.S.C. § 2679 (b)(1)). "[I]f a suit is 'cognizable' under § 1346 (b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" Meyer, 510 U.S. at 476 (quoting 28 U.S.C. § 2679 (a)); Rivera, 928 F.2d at 609 ("The FTCA . . . precludes tort suits against federal agencies. The only proper federal institutional defendant in such an action is the United States.") (citing 28 U.S.C. § 2679(a)).

Because the United States is the only proper defendant in this action, Cichocki's complaint must be dismissed as to the VA and the VA Medical Center for lack of subject-matter jurisdiction.  28 U.S.C. §§ 1346 (b), 2679 (a)–(b)(1).

Cichocki concedes that the United States is the only proper defendant in this action yet urges this Court to deny the individual doctors' bid for dismissal as a matter of equity. (Declaration of Kevin T. Stocker, Esq., Docket No. 30, ¶ 8.)  Cichocki argues that retaining the individual defendants would provide public notice of their alleged malpractice and ease discovery.   But the principles of sovereign immunity discussed above, particularly the limited waiver in 18 U.S.C. § 1346 (b)(1), do not yield to such considerations.  The government's motion to dismiss will therefore be granted.

## III. CONCLUSION

Because this Court lacks subject-matter jurisdiction over the individual doctors, the VA, and the VA Medical Center, it will grant the government's motion and dismiss Drs. Ling, Ku, and Vilardo, the VA, and the VA Medical Center as defendants in this action.

## IV.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss (Docket No. 28) is GRANTED.

FURTHER, that the Clerk of Court is directed to TERMINATE the Department of Veteran Affairs, the Department of Veteran Affairs Medical Center, Joseph Ling, M.D., Cristy Ku, M.D., and Michael L. Vilardo, M.D, as defendants.

SO ORDERED.


Dated:         August 1, 2022
               Buffalo, New York


                                        s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge